829 F.2d 35
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Judith GREENFELD, Plaintiff-Appellant,
v.
David GREENFELD, Defendant-Appellee.
 No. 86-2184
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1987.
Decided September 2, 1987.
 
 (Charles Francis Morgan, on brief), for Appellant.
 (K. King Burnett, Webb, Burnett, Jackson, Cornbrooks & Wilber, on brief), for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Judith Greenfeld appeals the district court's decision that her claims against her brother were time-barred. Under Maryland law, the applicable three-year statute of limitations begins to run when a plaintiff 'in fact knew or reasonably should have known of the wrong.' Poffenberger v. Risser, 290 Md. 631, 636, 431 A.2d 677, 680 (1981). The rule contemplates an awareness implied from 'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus charging the individual] with notice of all facts which such an investigation would in all probability have discloses if it had been properly pursued.' Poffenberger, 290 Md. at 637, 431 A.2d at 681, quoting Blondell v. Turover, 195 Md. 251, 257, 72 A.2d 697, 699 (1950).
 
 
 2
 The district court found, and we agree, that by 1978 or 1979 Judith Greenfeld could be charged with knowledge of circumstances that should have put her on notice that she might have a cause of action against her brother. This lawsuit, filed in 1983, was untimely. Dismissal was appropriate, and we affirm.
 
 
 3
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 AFFIRMED.